**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
GREGG BOSTER,

                      Plaintiff,

              - against -

SALVATORE BRACCIA, *et al.*,

                  Defendants.
----------------------------------------------------------X

**REPORT & RECOMMENDATION**

06-CV-4756 (JG) (RER)

**RAMON E. REYES, JR., Magistrate Judge:**

      On February 15, 2007, I issued a report in which I recommended that plaintiff Gregg Boster ("Boster") be granted a default judgment against Salvatore Braccia ("Braccia") and others in the amount of $1,464,576.96. Docket No. 15, corrected by No. 18. On February 22, 2007, Braccia, appearing *pro se*, requested by letter that the Court grant him an extension of sixty days to object to the report on the grounds that: (1) he never received notice of the underlying lawsuit and (2) he was incarcerated and needed additional time to retain counsel, or to respond to the report *pro se*. Docket No. 17. Judge Gleeson has construed Braccia's request as a motion to vacate a default judgment, and has referred it to me for a report and recommendation. For the reasons which follow, I respectfully recommend that Braccia's motion be denied.

      Because a default judgment has not yet been entered, Braccia's motion should be construed as a motion to vacate entry of default under Federal Rule of Civil Procedure 55(c).[1] Rule 55(c) provides that relief from the entry of a default may be granted for "good cause shown." FED. R. CIV. P. 55(c) ("For good cause shown the court may set aside an entry of

---

[1] The standard for setting aside an entry of default pursuant to Rule 55(c) is "lenient" and less rigorous than the standard for setting aside a default judgment pursuant to Rule 60(b). *American Airlines Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996); *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir. 1981) (describing the Rule 55(c) standard as "lenient").

default. . .").  Although Rule 55(c) does not define "good cause," the Second Circuit has instructed that district courts must consider principally "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Of course, the decision on whether to grant relief from the entry of default is left to the sound discretion of the district court as it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties. *Id.*

Construing Braccia's *pro se* motion liberally, as I must, *e.g., Weixel v. Board of Education of New York*, 287 F.3d 138, 146 (2d Cir. 2002), he argues that his default was not willful because he was not properly served due to his incarceration, and therefore entry of default should be set aside.  Any such argument is without merit.  Braccia claims that he has been incarcerated since October 19, 2006.  Docket No. 17.  The certificate of service makes clear, however, that Braccia was properly served *before* he was incarcerated.  Docket No. 11. On September 26, 2006, a copy of the summons and complaint was served on Braccia's wife, at his home, and copies were also mailed to him there on September 27, 2006.  *Id.*; *see also* FED. R. CIV. P. 4(e)(1) and (2); N.Y. CIV. PRAC. L. & R. § 308(2).  Thus, Braccia had adequate notice of this action, and his default was therefore willful.[2]

I also find uncompelling Braccia's argument that entry of default should be set aside so he may retain counsel to defend against this action.  While this factor should be considered, *see*

---

[2]  Notably, Mrs. Braccia, who originally received the summons and complaint, notified Braccia in prison of the report and recommendation almost immediately after it had been issued.  Docket No. 17 ("I only became aware of this motion when my wife was sent the papers filed by the plaintiff's attorney . . . ").  Thus, it is reasonable to conclude that Mrs. Braccia promptly provided Braccia with a copy of the summons and complaint on or about September 26, 2006.

*Allen Russell Publ'g, Inc. v. Levy*, 109 F.R.D. 315, 317-18 (N.D. Ill. 1985), it weighs against granting Braccia's motion. Braccia has known of this lawsuit since September 2006, yet he neither retained counsel nor made an appearance *pro se* in the intervening five months. Braccia's incarceration is no excuse for such dilatory conduct. *See 131 Main Street Assoc., Inc. v. Manko*, No. 93 Civ. 800, 1998 WL 811875, * 2 n.2 (S.D.N.Y. Nov. 19, 1998) ("incarceration by itself is no excuse for default.").[3]

Most importantly, I find that Braccia has not argued, let alone established, that he has a meritorious defense to this lawsuit. Indeed, it is difficult to fathom a meritorious defense given Braccia's guilty plea and criminal conviction for grand larceny in the first degree in connection with the fraudulent conduct underlying this lawsuit. *See, e.g.*, *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 43 (2d Cir. 1986) (party other than government may assert collateral estoppel against convicted defendant with respect to fact necessarily determined in criminal proceeding), *cert. denied*, 480 U.S. 948 (1987); www.oag.state.ny.us/press/2006/jun/jun9d_06.html.

In all, while there may be no prejudice to Boster were the motion granted, I find that the other factors weigh heavily in favor of denying Braccia's motion. This is so even given the strong preference of the federal courts for resolving disputes on the merits. *Enron Oil Corp.*, 10 F.3d at 96 (noting strong preference and that any doubts "should be resolved in favor of the defaulting party."). Should the Court grant Braccia's motion, however, it should assess against Braccia the plaintiff's attorney's fees for making the default motion. *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001) ("In determining whether to exercise its discretion to set

---

[3] Of course, nothing will preclude Braccia from hereafter filing a motion to vacate the default judgment, whether by counsel or *pro se*. See FED. R. CIV. P. 60(b).

aside a default, a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party.").

<u>RECOMMENDATION</u>

For the reasons set forth above, I respectfully recommend that Braccia's motion to vacate entry of default be denied. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable John Gleeson no later than March 30, 2007. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve by March 9, 2007, copies of this Report and Recommendation upon Braccia by certified mail, both at his current address at the Riverview Correctional Facility and his home address in Staten Island, New York, and to file proof of service with the Clerk of the Court immediately thereafter.

**Dated: March 6, 2007**
   **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**